[Civil No. 3457. Filed June 1, 1934.]

[33 Pac. (2d) 339.]

HENRY MUEHLEBACH, Petitioner, v. DORRIS-HEYMAN FURNITURE COMPANY, Defendant Employer, THE INDUSTRIAL COMMISSION OF ARIZONA, Defendant Insurance Carrier, Respondents.

Mr. Jacob Morgan and Mr. Harold J. Janson, for Petitioner.

Mr. Don C. Babbitt (Mr. Emil Wachtel, on the Brief), for Respondent Industrial Commission.

ROSS, C. J.—The petitioner, Henry Muehlebach, being dissatisfied with the award made to him for an injury he sustained while working for Dorris-Heyman Furniture Company, as employer, obtained a writ of *certiorari* to the Industrial Commission for the purpose of having its proceedings thereon reviewed by this court. The Industrial Commission, as insurance carrier in the State Compensation Fund, is joined as the other respondent.

The petitioner's right leg or knee was injured in an accident, on August 8, 1931, when a truck of his employer being driven by him and an automobile driven by a third person collided in the streets of Phoenix.

On May 9, 1932, after an informal investigation the commission found that the petitioner was entitled to compensation for total temporary disability, and also for permanent partial disability, and awarded him for the former $917.55 and for the latter one-half of his average monthly salary, or $70 per month, for

7½ months, the first payment to be made June 6, 1932.

Thereafter, upon the request of petitioner that the compensation for permanent partial disability be paid for the 7½ months "with the privilege of reopening the case should anything develop unsatisfactorily with the knee or leg," the commission wrote petitioner, in effect, that his request was granted, and that if it should be determined that surgery was necessary the same would be provided.

On October 15, 1932, the commission, acting on medical reports of petitioner's condition, amended the award of May 9, 1932, granting him total temporary compensation in the sum of $1,464.03, and permanent partial compensation in the additional sum of $70 per month for 12½ months, commencing November 15, 1932.

The amended awards became final, and have been paid to and accepted by the petitioner.

On October 25, 1933, petitioner filed his petition with the Industrial Commission asking that his case be reopened, upon the following grounds:

"2. That applicant has not been able to do any manual or other labor since his injury on August 8th, 1931.

"3. That ever since his injury aforesaid applicant has suffered, and is now suffering, intense pain as the result of the injury to his right knee, right leg, right side, and right arm.

"4. That he is highly nervous and unfitted by reason of his injury and suffering and pain to follow his previous or any other employment.

"5. That the original and amended awards have only partially compensated him for past disability, and do not take into consideration his continuing and present disability.

"6. That the amended award is wholly inadequate.

"7. The extent of the partial disability is not indicated or shown in said amended findings and award,

"8. The amended findings and award on its face shows the existence of a permanent partial disability, but nevertheless limits the award and amended award to a certain number of months, without regard to the duration of the disability of the applicant.

"9. The amended findings and award do not disclose that applicant's disability has been removed, but to the contrary disclose the then existence of a permanent partial disability, and this applicant says that he is permanently disabled and that said disability has not been removed.

"10. That since the said amended findings and award were filed in this proceeding, the Medical Referee of this Commission by written report, found that further medical treatment of this applicant was necessary and advisable and that other medical advice was to the effect that applicant should, by virtue of his injury and pains, receive further surgical treatment."

This petition was denied by the commission on November 1, 1933. The question is whether the commission, for any of the grounds or reasons urged in petition, committed error in declining to reopen the case.

There are two reasons why the original award and the amended awards must stand for the leg or knee injury: (1) No motion for a rehearing was ever made and no appeal taken by *certiorari,* as provided in section 1452, Revised Code of 1928, from said awards; and (2) the petitioner having collected and used said awards is estopped to deny their validity or binding effect. *Zagar* v. *Industrial Commission,* 40 Ariz. 479, 14 Pac. (2d) 472. The original award and the amended awards were in full and complete satisfaction for the injury to petitioner's knee or leg as it existed at the time of the awards. The Industrial Commission in passing upon the extent of the injury and the compensation therefor acted in a *quasi-*

judicial capacity, and its judgment is *res judicata* upon the facts developed at that time. *Doby* v. *Miami Trust Co. et al.,* 39 Ariz. 228, 5 Pac. (2d) 187; *Zagar* v. *Industrial Commission, supra.*

The petition for a reopening, as a careful reading thereof shows, is not for unforeseen or undiscovered developments after the awards were made, but for conditions of the leg, side and arm existing and known at the time the awards, especially the one of October 15, 1932, were made.

The fact that the petitioner needed further medical and surgical attention is not a ground for reopening the award. The record shows that the Industrial Commission gave petitioner accident benefits in the way of surgery, medicine and hospitalization for over a year after his injury, whereas under the statute such duty extends only for 90 days, or at the discretion of the commission to one year. Section 1428, Rev. Code 1928.

The award itself is attacked because the time it is to be paid petitioner is limited and because there is no finding by the commission of the percentage of loss of the use of his leg. That the injury to his leg is permanent partial is settled by the findings, and since the loss for such injury is specifically prescribed in section 1438, part C, subdivisions (a) to (u), inclusive, it was necessary that the percentage of loss of use of his leg should have been found by the commission, or that the record show that the award was based upon evidence of such percentage. *Ujevich* v. *Inspiration Consolidated Copper Co.,* 42 Ariz. 276, 25 Pac. (2d) 273. One physician estimated such percentage at 25 per cent. and another at 30 per cent. The commission presumably found the percentage of loss to be 25 per cent., and applied the formula prescribed in section 1438, part C, subdivisions (o) and

(u). Thereunder for the total loss of his leg the compensation would have been 55 per cent. of his average monthly wage of $140, or $70 per month for 50 months; and for permanent partial disability $70 per month for 25 per cent. of 50 months, or 12½ months.

The compensation awarded was in accordance with the evidence. Findings of the commission are sufficient if they can be made certain by reference to the record. *Hartford Accident & Indemnity Co.* v. *Industrial Commission et al., ante,* p. 50, 29 Pac. (2d) 142; 24 Cal. Jur. 964.

This is the kind of case in which after a careful consideration of the whole record one cannot be certain whether the employee has received all that he is entitled to, but we must when in doubt rely upon the decision of the Industrial Commission, the body constituted under the law to investigate and pass upon claims for compensation.

All the physicians, some seven in number, who have filed reports on petitioner's injury, seem to think that if he would lay aside his crutches and cane and give his leg more exercise it would not be long until he would recover largely its normal use. Questions of the effect of refusal or neglect to accept and follow medical advice in delaying or preventing recovery when determined by the Industrial Commission on conflicting evidence should be regarded as settled.

The award is affirmed.

LOCKWOOD and McALISTER, JJ., concur.