[Civil No. 4628. Filed July 6, 1943.]

[139 Pac. (2d) 449.]

O. P. LAUDERDALE, Petitioner, v. THE INDUS-TRIAL COMMISSION OF ARIZONA, Respondent.

444

Messrs. Cox & Cox, for Petitioner.

Mr. H. S. McCluskey, and Mr. Fred O. Wilson, for Respondent.

STANFORD, J.—In 1941 the case of *Lauderdale* v. *Industrial Commission*, 57 Ariz. 520, 115 Pac. (2d) 249, was brought into this court by the petitioner herein because the Commission dened him compensation for alleged injuries, and the award was affirmed by this Court, and it now comes to us on an order of the Industrial Commission of Arizona denying a new rehearing in the matter of the application of O. P. Lauderdale. The petition of the applicant was dated January 15, 1943, and was presented in order to offer additional evidence which at a previous hearing was not available, and which evidence would support a claim for compensation benefits.

The petition for rehearing further recites:

"Petitioner wishes to introduce new evidence to the effect that the doctors who previously examined him and who testified in the case failed to give consideration to certain signs and symptoms occurring at the time of the accident."

The order of the Industrial Commission of Arizona denying rehearing in this case is, in main, as follows:

"Findings of Fact No. I.

"The Commission finds that the aforementioned Award (meaning that of June 20, 1940) is *res adjudicata;* that it is without further jurisdiction in the premises, and has no jurisdiction to entertain the petition for rehearing filed on the 15th day of January, 1943.

"Now, therefore, it is ordered that the application for rehearing be, and the same is hereby denied on the grounds that the Industrial Commission is without jurisdiction in the premises."

The question in contention and to be determined is: Has the Industrial Commission of Arizona any further power over its award denying compensation after the award has been affirmed by this Court on appeal?

As shown by the order denying rehearing in this cause, the Findings and Award first rendered in this case was dated June 20, 1940. The Findings and Award was affirmed by this Court in July, 1941. No compensation was ever allowed in the case, and after the decision of this Court in July, 1941, no further action was taken until the filing of the petition designated as "Petition and Application for Rehearing" in January, 1943.

The petitioner contends that the particular matter has never been adjudicated, notwithstanding the case of *Lauderdale* v. *Industrial Commission, supra.*

While the case of *Zagar* v. *Industrial Commission,* 40 Ariz. 479, 14 Pac. (2d) 472, gives the right of the Commission to continue jurisdiction in a compensable case where it has assumed such, in this case now before us the jurisdiction was once assumed, findings and award entered, appeal taken and finally closed by a decision entered in this Court.

The case of *Panos* v. *Great Western Packing Co.,* 21 Cal. (2d) 636, 134 Pac. (2d) 242, 243, is an action for

damages for personal injuries received by plaintiff on December 6, 1939, while he was on the defendant's premises to make a purchase. Two months after the accident plaintiff instituted an action for damages for injuries, naming as defendants, among others, Wilson Lee and the Great Western Packing Company, defendants in this action. On July 24, 1940, judgment was entered for defendants. No appeal was taken from the judgment entered. On November 28, 1940, plaintiff commenced an action against the defendant, Great Western Packing Company, to recover damages in the same amount and for the same injuries. Defendant pleaded prior judgment as a bar to the action and it is our opinion that the judgment of the court rendered on appeal in that case is the law that we must follow in the case at bar. We quote the following from the case of *Panos* v. *Great Western Packing Co., supra.*

"The doctrine of *res judicata* rests upon the ground that the party to be affected, or some other with whom he is in privity, has litigated, or had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of his opponent. Public policy and the interest of litigants alike require that there be an end to litigation. In applying the doctrine the cases recognize a distinction between the effect of a judgment operating by way of *estoppel* in a later action upon a *different* cause of action and one operating by way of *bar* against a second action upon the *same* cause of action. (Citing cases) This distinction entails important consequences in the determination of what matters were adjudicated by the former judgment, and the failure to observe it has been the occasion of confusion and error. As stated in 2 Freeman on Judgments, *supra,* 'A prior judgment can operate as a complete bar to a second action only on the theory that it is a conclusive adjudication . . . as to every matter that might be urged in support of the latter. . . . Under such circumstances, in view of the rule and policy of the law which forbids a party to split

his claim, the judgment is deemed to adjudicate, for purposes of the second action, not only every matter which was, but also every matter which might have been urged in support of the cause of action or claim in litigation. Where the cause of action in the second action is the same as that in the first action, a final judgment in the latter upon the merits is a complete bar to the maintenance of the second action.' To the same effect see Restatement of the Law of Judgment, section 63, comment a.

''In an effort to avoid application of this settled doctrine to the facts of this case, plaintiff contends that the present litigation is based upon a cause of action separate and distinct from that underlying the prior litigation because the negligence charged to defendant in this action differs from the negligence charged against it in the prior action. In so contending, plaintiff misconceives the nature of his cause of action. The cause of action is simply the obligation sought to be enforced. (Citing cases) The negligence of defendant alleged in the prior action and that alleged against it in this action represent but different invasions of plaintiff's primary right and different breaches of the same duty that it owed to him. There was one injury and one cause of action. . . . ''

We believe that the law herein stated disposes of this case. As much as we would like to reopen this case, we are powerless to do so.

The order of the commission denying a rehearing is affirmed.

McALISTER, C. J., and ROSS, J., concur.