214 P.2d 797

**SMITH v. INDUSTRIAL COMMISSION OF ARIZONA et al.**

No. 5269.

Supreme Court of Arizona.

Feb. 15, 1950.

Dwight L. Solomon, of Phoenix, attorney for petitioner.

Donald J. Morgan, Phoenix, attorney for respondent The Industrial Commission of Arizona; H. S. McCluskey and Robert E. Yount, Phoenix, of counsel.

STANFORD, Justice.

It is the claim of petitioner that on the 6th day of April, 1946, she was hurt in an accident arising out of and in the course of her employment while working for Tom M. Bunn and T. Yuki, doing business as Salinas Valley Vegetable Exchange, by being hit or struck on the wrist of the right (or major) hand while employed as a lettuce trimmer. The said employers were insured against liability by the Industrial Commission of Arizona.

After three surgical operations performed on the dates of August 20, 1946, November 8, 1946 and July 21, 1948, the petitioner drew compensation for a period of time and then returned to work, but in each instance she claimed the wrist did not function.

The Commission on January 21, 1949, made its third finding and award providing for accident benefits and compensation for temporary disability; established the average monthly wage at $219.90, and "7. That

said injury caused also a permanent partial disability equal to 5% loss of function of the right (major) hand and entitles said applicant to compensation therefor in the sum of $109.95 monthly for a period of 2-½ months."

It is the claim of petitioner

"(a) * * * that the Commission erroneously based its order upon a medical board consultation on December 14, 1948, which fixed petitioner's functional loss at 5%.

"(b) The Commission failed to consider the continuing nature of Petitioner's disability and its nature in relation to her occupation.

\*    \*    \*    \*    \*    \*

"(d) The Commission confused the effect Petitioner's injury had upon the percentage of disability to earn her former wages, with the percentage of functional physical disability estimated by the Commission's doctors.

"(e) Under all of the evidence before the Commission Petitioner was entitled to additional compensation and medical benefits as a matter of law."

Since the two propositions of law of petitioner are clearer than the five assignments of error, we quote them.

"I. An award under the Workmen's Compensation Act must proceed upon the proper legal theory as provided by statute and judicial decision, and failing to do so will be set aside, to correct an injustice.

"II. The Industrial Commission in making an award is bound by the evidence of the case, not by the conclusions of its medical board."

The award in this case was made under Section 56-957, subdivision (b), subsections 12 and 21, A. C. A. 1939, which read as follows:

"56-957.  Partial disability.—(a)  * * *

"(b) Disability shall be deemed permanent partial disability if caused by any of the following specified injuries, and compensation of fifty-five [55] per cent of the average monthly wage of the injured employee, in addition to the compensation for temporary total disability, shall be paid for the period given in the following schedule:"

\*    \*    \*    \*    \*    \*

"12. For the loss of a major hand, fifty (50) months, or of a minor hand, forty (40) months."

\*    \*    \*    \*    \*    \*

"21. For the partial loss of use of a finger, toe, arm, hand, foot, leg, or partial loss of sight or hearing, fifty (50) per cent of the average monthly wage, during that proportion of the number of months in the foregoing schedule provided for the complete loss of use of such member, or complete loss of sight or hearing, which the partial loss of use thereof bears to the total loss of use of such member or total loss of sight or hearing."

Respondent's claim is based on the proposition that the Commission's award was

made under Section 56-957, subdivision (b), subsections 12 and 21, supra, and could proceed under no other.

It is respondent's further claim that the award under such claim should be 50% of petitioner's average monthly wage for only 2½ months, and answering this, petitioner states: "We agree with the 50%, but contend that the restriction of 2½ months based upon a medical estimate of 5% 'functional loss of the right hand' is contrary to law."

Petitioner claims that since the respondent Industrial Commission has proceeded under Section 56-957(b), subsections 12 and 21, it is bound also to consider the provisions of Section 56-957(d), but it wholly ignored the same. Subdivision (d) reads as follows: "(d) In determining the percentage of disability, consideration shall be given, among other things, to any previous disability, the occupation of the injured employee, the nature of the physical injury, and the age of the employee at the time of the injury. In case there is a previous disability, as the loss of one eye, one hand, one foot, or otherwise, the percentage of disability for a subsequent injury shall be determined by computing the percentage of the entire disability and deducting therefrom the percentage of the previous disability as it existed at the time of the subsequent injury."

Petitioner further claims that Section 56-957(d) is as applicable to the scheduled injuries in subdivision (b) of that section as to the "odd-lot" cases in Section 56-957(c).

We concur with the respondent's views in this case that when a claimant suffers an injury by accident arising out of and in the course of employment and received therefrom a permanent partial disability compensable as a "scheduled" injury under Section 56-957(b), the Commission has no discretion or jurisdiction other than to award compensation as provided in that section.

Petitioner, among others, cited the case of Hoffman v. Brophy, 61 Ariz. 307, 149 P. 2d 160, 161, from which case we quote: "From the nature of this injury it is readily apparent that it falls under Sec. 56-957, subdivision (c), A. C. A. 1939, which is the same as what is referred to in the earlier cases as 'subdivision (w)' of section 1438, Revised Code 1928. In the law reports this type of injury is frequently referred to as 'other cases' or 'odd-lot cases', as distinguished from the 'scheduled injuries' enumerated under Sec. 56-957(b). * * *"

Therefore it is observed that petitioner has cited a case relating to an unscheduled injury, and we find that true as to his other cases cited.

The testimony in this case shows that the respondent Industrial Commission was compelled to make its award according to the law applicable to a scheduled injury as

402

defined by our legislature, and to change that, resort must be had to that body.

Award is affirmed.

LA PRADE, C. J., and UDALL, PHELPS and DE CONCINI, JJ., concur.