231 P.2d 448

**WOFFORD v. INDUSTRIAL COM-MISSION et al.**

No. 5376.

Supreme Court of Arizona.

Decided May 14, 1951.

Croaff & Croaff, Phoenix, for applicant-petitioner.

H. S. McCluskey, Phoenix, for respondent Industrial Commission, Robert E. Yount and Donald J. Morgan, Phoenix, of counsel.

DE CONCINI, Justice.

Petitioner-applicant, John W. Wofford, while employed by the Veta Mines, Inc., which was insured in the state compensation fund, sustained an injury by an accident arising out of and in the course of his employment. The accident occurred while applicant was changing bits; by striking a bit with a hammer, a piece of steel flew from the bit striking him in the left eye. Within the prescribed period applicant filed a claim for compensation with the respondent insurance carrier, the Industrial Commission of Arizona.

After considerable treatment applicant lost all sight in his left eye. Respondent awarded him the maximum compensation allowed under the statute for the loss of an eye without enucleation. After the award was paid, applicant filed a motion for a rehearing before the commission to show that the injury had resulted in his permanent disfigurement; in support of which a medical report was filed by his attending physician. The report showed that a slight secondary membrane had formed over the pupillary area. The commission denied the rehearing and affirmed the previous findings and award on the ground that the applicant had been compensated in full as provided by the statute. Applicant appeals from the final award denying him further compensation.

Section 56–957, A.C.A.1939, controls the case at bar; subparagraph (b), subsection 17, provides:

"Disability shall be deemed permanent partial disability if caused by any of the following specified injuries, and compensation of fifty-five (55) per cent of the average monthly wage of the injured employee, in addition to the compensation for temporary total disability, shall be paid for the period given in the following schedule:

\*    \*    \*    \*    \*    \*

"17. For the permanent and complete loss of sight in one eye without enucleation, twenty-five (25) months."

Petitioner contends that subsection 22 of this statute also applies, under the facts in this case. That subsection provides: "For permanent disfigurement about the head or face, which shall include injury to or loss of teeth, the commission may allow such sum for compensation thereof as it may deem just, in accordance with the proof submitted, for a period not to exceed eighteen (18) months."

The sole question to be considered in this case is whether an injured workman who has been compensated in full for loss of an eye without enucleation, a scheduled loss, may be additionally compensated for disfigurement to that eye. We hold that he cannot.

This court has on two previous occasions held that a workman who has been compensated for permanent partial disability was not entitled to additional compensation for "partial disability for work." Rose v. Industrial Commission, 52 Ariz. 466, 83 P.2d

786, 788; Smith v. Industrial Commission, 69 Ariz. 399, 214 P.2d 797.

The supreme court of Oklahoma has had occasion to consider this same question several times. In Seneca Coal Co. v. Carter, 85 Okl. 220, 205 P. 495, it was held that an injured workman could be compensated for loss of an eye as prescribed by statute and in addition be compensated for disfigurement of the "head, face or hand" if such disfigurement was in addition to the loss of the eye and not connected with the injury to the eye itself as constituting disfigurement. The employer objecting to the award contended that the following provision of the Oklahoma Statute, section 6, art. 2, ch. 246 Session Laws 1915, as amended by section 9, ch. 14 Session Laws 1919, 85 O.S. 1941 § 22, precluded recovery for disfigurement: "In case of an injury resulting in the loss of hearing or in serious and permanent disfigurement of the head, face or hand, compensation shall be payable in an amount to be determined by the Commission, but not in excess of three thousand dollars. *Provided, that compensation for loss of hearing or permanent disfigurement shall not be in addition to the other compensation provided for in this section, but shall be taken into consideration in fixing the compensation otherwise provided.*" (Emphasis supplied.)

The court said that it would be unreasonable to hold under the above statute: "\* \* that the Commission is without jurisdiction to compensate an injured employee for a permanent disfigurement of the head, face,

or hands where the same exist independent of some compensable specific injury. * *"

The court further said that the portion of the statute underlined above " * * * was to qualify the preceding part of the section of the statute vesting the Industrial Commission with jurisdiction to compensate a permanent disfigurement in any sum not exceeding $3,000 by authorizing the Commission to consider any amount which the Commission may have awarded to the injured employee for a specific injury where such specific injury might appear as a part of the disfigurement sought to be compensated."

In Milling Machinery Jones-Hettelsater Const. Co. v. Thomas, 174 Okl. 483, 50 P.2d 395, 398, the court in construing the same statute denied compensation for disfigurement for the loss of an eye where there was no additional disfigurement except by reason of the loss of the eye itself.

The court had the matter before it three times, twice on rehearing, and reaffirmed Seneca Coal Co. v. Carter, supra, by saying:

" 'Where an injured employee has been compensated for a specific injury, such injured employee is not entitled to compensation again for such injury as constituting a part of a permanent disfigurement.'

\* \* \* \* \* \*

" * * * If in this case the same accident had caused disfigurement of any part of claimant's head, hands, or face other than that caused by the loss of the eye, compensation could be awarded therefor. But no allowance could be made for that part of the disfigurement caused by or resulting from the loss of the eye."

In the case at bar the facts are similar to those in the Milling Machinery Jones-Hettelsater Const. Co. v. Thomas case. The petitioner here has suffered no disfigurement to his head or face except that occasioned by the loss of his eye, for which he has been compensated under subsection 17, subparagraph (b), of 56–957, A.C.A.1939, supra. Petitioner is not entitled to additional compensation under subsection 22, subparagraph (b) of 56–957, A.C.A.1939, because that section contemplates separate and additional disfigurement besides that caused by the loss of the eye itself.

Award affirmed.

UDALL, C. J., and STANFORD, PHELPS and LA PRADE, JJ., concur.