344 P.2d 1013

Ole HOFF, Personal Representative of Paul Hoff, Deceased, Appellant,

v.

CITY OF MESA, a municipal corporation, George Goodman, Frank E. Bendick, E. J. Brown, Richard Johnson, LeRoy Kellis, Lee J. Mumford and Ralph Norman Pearce, Appellees.

No. 6632.

Supreme Court of Arizona.

Oct. 14, 1959.

Hash & Bernstein, Phoenix, for appellant.

Shimmel, Hill, Cavanagh & Kleindienst and John E. Savoy, Phoenix, for appellees.

JOHNSON, Justice.

This is an appeal by the personal representative of Paul Hoff, deceased, from an order granting summary judgment in favor of the City of Mesa, a municipal corporation and its duly elected Councilmen, who will be hereinafter designated as defendants.

The facts pertinent to this appeal are virtually undisputed. The City of Mesa, through its Council employed Joe True as a policeman without requiring from him a bond indemnifying any person injured or aggrieved by his wrongful act. That on

the 16th day of April, 1956, Joe True, while acting in his official capacity and in the course of his official duties, negligently fired a shot into a car driven by Paul Hoff, resulting in his death. Thereafter the plaintiff, as personal representative of deceased, filed a suit against Joe True, alleging the above facts, and made the City of Mesa and the members of its Council, parties defendants, alleging that the city Councilmen negligently failed to require a bond from True prior to his assumption of duty as a policeman, which omission caused substantial damage to the estate of Paul Hoff, deceased.

Thereafter the trial court entered an order granting a motion to dismiss for failure to state a claim upon which relief could be granted as to the City of Mesa and its Council, leaving Joe True as the only defendant. The action went to trial and the jury returned a verdict in favor of the personal representative of the deceased against Joe True for the sum of $50,000.

In an effort to satisfy this judgment, the personal representative of the deceased, instituted a second suit against the City of Mesa and the same Councilmen as in the original action. The second complaint contained the same allegations as the first with the additional allegation that a judgment had now been obtained against Joe True. The trial court granted defendant's motion for summary judgment and this appeal follows.

Plaintiff contends that the court erred in granting summary judgment for defendants for the reason that the complaint sets forth a claim against each of the defendants and that there has been no previous adjudication of the merits of the claim set forth in the complaint. It is the contention of the defendants that the order granting summary judgment was proper in that the original dismissal constituted an adjudication on the merits and for that reason plaintiff's second complaint is barred by the doctrine of res judicata.

Briefly stated, the doctrine of res judicata is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive as to every point decided therein and also as to every point raised by the record which could have been decided, with respect to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. Lauderdale v. Industrial Commission, 60 Ariz. 443, 139 P.2d 449; O'Neil v. Martin, 66 Ariz. 78, 182 P.2d 939; Taylor v. Betts, 59 Ariz. 172, 124 P.2d 764 and Shattuck v. Shattuck, 67 Ariz. 122, 192 P.2d 229.

Plaintiff contends that the doctrine of res judicata is inapplicable to the facts of this action for the reason that the granting of a motion to dismiss for failure to state a claim in a former action does not in a subsequent action render valid a plea of res

judicata and does not constitute a dismissal on the merits. Plaintiff relies solely upon Wilson v. Lowry, 5 Ariz. 335, 52 P. 777, which was decided long prior to the adoption of our present rules, wherein we held that judgment of dismissal entered in an action after demurrer was sustained to the complaint did not bar a second suit if the demurrer went only to the merits of the pleading. There is no merit to this contention. It has been rejected by this court in Anguiano v. Transcontinental Bus System, 76 Ariz. 246, 263 P.2d 305 and in Fovargue v. Singer, 77 Ariz. 305, 270 P.2d 1090.

At the time of the filing of the original complaint in this matter Section 21–916, A.C.A.1939 (now Rule 41(b), Rules of Civil Procedure, 16 A.R.S.) provided as follows:

"Involuntary dismissal—Effect thereof.—For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits."

We held in Anguiano v. Transcontinental Bus System, supra, that this Rule applied to involuntary dismissals without regard to the reasons or causes resulting in such dismissals and that the Rule applied to dismissals at all the preliminary stages of the case. We hold that the order of dismissal rendered in the original action between the parties to the instant appeal falls squarely within Rule 41(b), supra, and must be considered, therefore, an adjudication on the merits, and within the bar of the plea of res judicata.

Lastly, plaintiff apparently contends that its original complaint against the defendants was dismissed because of an omission of an essential averment in the pleadings and that the second complaint included the averment, and that therefore the original dismissal did not go to the merits. Without going into needless detail, suffice it to say, plaintiff's position has been expressly rejected in Fovargue v. Singer, supra.

In view of our holding it is unnecessary to consider the other assignment of error.

Judgment affirmed.

PHELPS, C. J., and STRUCKMEYER, UDALL and BERNSTEIN, JJ., concur.