347 P.2d 578

Hyman WEISS, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona, and Skaggs Manufacturing Company, Respondents.

No. 6706.

Supreme Court of Arizona.

Dec. 16, 1959.

Stephen S. Gorey, Phoenix, for petitioner.

John R. Franks, Phoenix, for respondent Industrial Commission, Donald J. Morgan, James D. Lester, Frances M. Long, and Edward E. Davis, Phoenix, of counsel.

UDALL, Justice.

This case arises under the Workmen's Compensation Law, A.R.S. Title 23, Ch. 6, § 23-901 et seq. It is before us for review on a writ of certiorari heretofore issued to the Industrial Commission of Arizona (hereinafter referred to as Commission) to determine whether that tribunal erred, as a matter of law, in its application of the pertinent statutes to the conceded facts. The precise question of law raised is whether the term "partial loss of use"—, as set forth in A.R.S. § 23-1044(B) (21),, which prescribes the means of computing the compensation to be awarded in cases of scheduled injuries—refers to a *per-, centage of physical functional disability* or to a *proportional loss of capability of the injured employee to perform the work previously done by him.*

The relevant facts are not in dispute and may be briefly stated as follows:

The petitioner, Hyman Weiss, a man 54 years of age, was employed by respondent Skaggs Manufacturing Company as a lather. On October 8, 1957, in the course of his employment, he lifted a bundle of metal lath, thereby incurring an injury to his right (major) arm, described by the examining physicians as "a partial rupture of the biceps brachii muscle." The Commission promptly assumed jurisdiction and found the claim to be compensable. Accident benefits were allowed and compensation, first for total temporary disability—and later partial temporary disability—was awarded covering the period October 9, 1957 to March 15, 1958 in the total sum of $1,419.08.

After extended treatment had failed to effectively relieve his injury, a three-man

examining medical board was appointed, one of whom was petitioner's own doctor. This consultation resulted in a unanimous finding that petitioner's condition had become stationary and that: "As a result of the injury in question, the patient has sustained a partial permanent disability amounting to a 20% functional loss of the right arm." This finding of fact is not disputed. The medical evidence further indicated that the nature of the injury was such that it was unlikely the petitioner would ever be able to resume his former work, i. e., as a lather. Pursuant to these findings, the Industrial Commission, on March 28, 1958, awarded compensation for a scheduled injury based on the statute (A.R.S. § 23-1044), i. e., 50% of petitioner's average monthly wage, to be paid monthly for a period of 12 months (20% of the maximum period of 60 months required for a *complete* loss of use.) Petitions for rehearing were denied. The award was based upon the premise that the proration required by A.R.S. § 23-1044 (B) (21)—in the case of a partial loss of use of a member covered by the statutory schedule—was accomplished by setting the percentage of physical disability (in this case 20%) against the compensation period established for a total loss of use. Petitioner challenges this premise and attacks the award as being contrary to law because based upon an allegedly faulty assumption.

The pertinent subsections of A.R.S. § 23-1044(B) are as follows:

13. "For the loss of a major arm, sixty months, or of a minor arm, fifty months."

21. "For the partial loss of use of a * * * arm, * * *, fifty per cent of the average monthly wage during that proportion of the number of months in the foregoing schedule provided for the complete loss of use of such member, * * *, which the partial loss of use thereof bears to the total loss of use of such member * * *."

Petitioner contends that the term "partial loss of use", in the context of this statute, refers to a partial loss of capability to do the job formerly done by the injured workman, rather than to a percentage physical functional disability, and that since—in this case—he has been rendered wholly unable to resume his previous employment, his is not a *partial* loss but a *complete* loss of use and is compensable as such for the maximum statutory period, i. e., five years (A.R.S. § 23-1044 (B) (13).

In support of this position petitioner cites cases from Texas, Louisiana, and Pennsylvania. The cases relied upon involve the construction of statutes which differ materially from our own. In the area of Workmen's Compensation the underlying law is almost entirely statutory,

and the statutes vary from state to state. Under such circumstances, decisions from jurisdictions with dissimilar statutes are not persuasive.

In evaluating the merits of petitioner's claim, it would be well first to examine the history of this statutory section. The original Workmen's Compensation Law, enacted in 1925, contained the same provision in the identical language (Sec. 70, subd. C, par. 2(u), Ch. 83, L. '25). In the thirty-four years succeeding this enactment, the term "partial loss of use" in the scheduled categories has been uniformly construed by the Commission—which has been charged with the administration of this law—as referring to a percentage of physical functional disability. Innumerable cases have arisen and awards granted based upon this construction. These have been upheld by this Court. While the basic law has been frequently amended the legislature has never questioned such interpretation by amending this subsection of the law. Such long-established construction and continued legislative acquiescence must weigh heavily against the change now sought to be initiated.

◼ It has been frequently held that legislative acquiescence in a judicial construction of a statute is sufficient to effect an incorporation of that construction into the statute. See, Steward v. Industrial Commission, 69 Ariz. 159, 211 P.2d 217. Cf. Local 266, I.B.E.W. v. Salt River Project Agr. Imp. P. Dist., 78 Ariz. 30, 275 P.2d 393. Although an administrative construction may not merit equal force, it is certainly entitled to some weight. Haggard v. Industrial Commission, 71 Ariz. 91, 223 P.2d 915. Compare, Costanzo v. Tillinghast, 287 U.S. 341, 53 S.Ct. 152, 77 L.Ed. 350; Coca Cola Co. v. State Board of Equalization, 25 Cal.2d 918, 156 P.2d 1.

It must be understood that what the petitioner prays for is not an initial construction of an ambiguous statutory term, but rather a change in the law as it has been understood and applied for more than three decades. Petitioner insists that the precise point here involved has never been passed upon by this Court. Perhaps it is true that we have never said—in so many words—that the construction adopted by the Commission is correct; still, on a number of occasions we have followed that interpretation and have—tacitly at least—stamped it with our approval. See, e. g., Morris v. Industrial Commission, 81 Ariz. 68, 299 P.2d 652; Scott v. Industrial Commission, 80 Ariz. 280, 296 P.2d 954; Smith v. Industrial Commission, 69 Ariz. 399, 214 P.2d 797; Shaw v. Salt River Valley Water Users Ass'n, 69 Ariz. 309, 213 P.2d 378; Rose v. Industrial Commission, 52 Ariz. 466, 83 P.2d 786; Muehlebach v. Dorris-Heyman Furn. Co., 43 Ariz. 526, 33 P.2d 339; Ujevich v. Inspiration Consol. Copper Co., 42 Ariz. 276, 25 P.2d 273;

Six Companies, Inc. v. Industrial Commission, 41 Ariz. 366, 18 P.2d 913. Be that as it may, the fact remains that a decision at this late date in accord with the views pressed by petitioner would, we believe, not be an interpretation of the law, but rather an alteration of it. As we see it, the question is not what meaning can be put on the statutory words, but whether this Court by judicial fiat should make a change in the law under the guise of a statutory construction. Such would be an unwarranted encroachment upon the province of the legislature.

Award affirmed.

PHELPS, C. J., and STRUCKMEYER, JOHNSON and BERNSTEIN, JJ., concur.