489 P.2d 1247

**Andrew GOVAN, Petitioner,**

**v.**

**INDUSTRIAL COMMISSION of Arizona, Respondent,**

**University of Arizona, Respondent Employer,**

**State Compensation Fund, Respondent Insurance Carrier.**

**No. 1 CA–IC 550.**

Court of Appeals of Arizona, Division 1.

Oct. 26, 1971.

Rehearing Denied Nov. 18, 1971.

Lawrence Ollason and Albert R. Gamble, Tucson, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, Phoenix, State Compensation Fund, by Dee-Dee Samet, Tucson, for respondents Employer & Carrier.

KRUCKER, Chief Judge.

Petitioner was injured in an industrial accident on February 5, 1965, and on June 30, 1966, the Commission made the First Findings and Award. It found, however, that petitioner had sustained no disability resulting from the industrial accident. These findings and award were rescinded by the Commission as a result of a referee's report of February 28, 1967, wherein the referee found that petitioner had sustained and suffered from an acute anxiety reaction as a result of the accident. On June 28, 1967, the Commission entered Findings and Award for Temporary Disability and on July 14 a timely petition for hearing was filed alleging that petitioner had a psychiatric disability.

On August 14, 1967, petitioner's attorney advised the Commission by letter that petitioner had authorized him to withdraw the petition for hearing and on November 20 petitioner filed a petition to reopen. On May 2, 1969, the Commission issued its Decision upon Hearing and Additional Findings and Award for Temporary Disability. It specifically found that the petitioner had sustained no permanent physical or mental disability related to the industrial accident and this decision was not protested. On October 28 another petition to reopen was filed and on May 25, 1970, the referee's Decision upon Hearing and Findings and Award denying the reopening of claims was issued. Review of this decision by the Commission was requested and on August 28 the Commission issued its decision upon review affirming the referee's May 25 decision.

In support of his petition to reopen, a medical report was presented. The doctor's report was not based upon an examination of the petitioner but rather on a review of the petitioner's entire file. The doctor stated in his report:

"I do think you have a psychiatric problem and there is considerable evidence that the problem is related not only to the industrial accident but to the tardiness of psychiatric intervention and to the confusion which presents as to the relationship between somatic illness, the breakdown of personality secondary to drug abuse, coronary disease, leukopenia, and eventually an acute mental breakdown of a schizophrenic type."

The doctor's letter also indicated that there were several associated problems which could not be resolved purely by looking at the record. The doctor's opinion was based solely on the evidence in the Commission file at the time of the May 2, 1969 award. No additional medical evidence had been placed in the file following this award.

Under this state of the record, we find no error in denying the petition to reopen. Before an employee is entitled to

have his case reopened and relief granted, he must establish that he has suffered new, additional and previously undiscovered disability arising out of the prior injury on which the prior claim was based. Davila v. Industrial Commission, 98 Ariz. 258, 403 P.2d 812 (1965). It is true that when a petitioner presents uncontradicted medical testimony susceptible of only one conclusion, namely one in his favor, he has sustained this burden. Copper v. Industrial Commission, 11 Ariz.App. 192, 463 P.2d 87 (1970). Here, however, the medical report submitted by the petitioner was nothing more than "newly discovered evidence" and therefore afforded no basis for invoking the continuing jurisdiction of the Commission. Black v. Industrial Commission, 89 Ariz. 273, 361 P.2d 402 (1961).

Award affirmed.

HATHAWAY and HOWARD, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.