532 P.2d 533

Andrew GOVAN, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

University of Arizona, Respondent Employer,

State Compensation Fund, Respond-
ent Carrier.

No. 1 CA–IC 1054.

Court of Appeals of Arizona,
Division 1,
Department C.

March 11, 1975.

Rehearing Denied March 28, 1975.

Review Denied April 29, 1975.

Gilbert Gonzalez, Tucson, for petitioner.

Edward F. Cummerford, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund, by Dee-Dee Samet, Phoenix, for respondent carrier.

OPINION

NELSON, Presiding Judge.

This appeal is taken from the denial by the Industrial Commission of a Petition to Reopen a claim alleging new, additional or previously undiscovered disability. On review we affirm the award of the Industrial Commission.

The petitioner, Andrew Govan (Govan), sustained an industrial injury on 5 February 1965, when he inhaled chemical fumes in the course of his employment as a build-

ing custodian. He filed a claim for medical benefits and compensation alleging physical and psychiatric disability. On 30 June 1966, the Commission denied any recovery for the incident, but this denial was rescinded on 28 February 1967, when the Commission, upon later findings, determined that Govan had sustained and was suffering from an acute anxiety reaction precipitated by his industrial accident which entitled him to compensation for temporary partial disability.

On 14 July 1967, Govan filed a Petition for Hearing alleging psychiatric disability, but thereafter withdrew that petition on 14 August 1967.

On 20 November 1967, Govan filed a Petition to Reopen to establish permanent disability. The petition was subsequently denied and Govan did not protest.

Govan again filed a Petition to Reopen on 28 October 1969, and the Commission again denied the petition. Upon requested review, the Commission affirmed its determination and upon a subsequent appeal, the Court of Appeals affirmed the award. See Govan v. Industrial Commission of Arizona, 15 Ariz.App. 545, 489 P.2d 1247 (1971).

Govan again petitioned to reopen his claim on 5 October 1972. A hearing was held, and the Commission again denied the petition. This denial was affirmed on review by the Commission on 14 September 1973. Govan appealed that award and this cause is now before this Court once again.

■ Section 23–1061.H of Arizona Revised Statutes provides in pertinent part that:

An employee may reopen his claim . . . upon the basis of new, additional or previously undiscovered temporary or permanent condition . . . . .

This statute clearly imposes upon the employee the burden of going forward and showing by a preponderance of the evidence that the elements required to support a reopening do in fact exist. See Davila v. Industrial Commission of Arizona, 98 Ariz. 258, 403 P.2d 812 (1965); Si-

queiros v. Industrial Commission of Arizona, 20 Ariz.App. 104, 510 P.2d 415 (1973).

Counsel for Govan maintains that the evidence presented before the hearing officer which included testimony of Dr. Maier I. Tuchler, a psychiatrist, of Govan's wife and of his son-in-law, was sufficient to have met the requisite burden to reopen.

■ The primary question is simply whether there is sufficient evidence to support the findings of the Commission. See Valdon v. Industrial Commission of Arizona, 103 Ariz. 547, 447 P.2d 239 (1968). It is presumed that the Industrial Commission, in making an award, considers all relevant evidence. Scott v. Industrial Commission of Arizona, 11 Ariz.App. 20, 461 P.2d 499 (1969). And on review the appellate court does not weigh the evidence in a workmen's compensation case. Haynes v. Industrial Commission of Arizona, 19 Ariz.App. 559, 509 P.2d 631 (1973). The hearing officer in this instance made the following findings which were affirmed by the Commission on review:

4. That the lay testimony, together with the evidence presented by Dr. Tuchler, psychiatrist, indicates the likelihood of some additional deterioration of Applicant's mental condition since prior proceedings in the subject claim; that on the other hand, said evidence is, in substance, nothing more nor less than a current "status report" of Applicant's (unfortunately) deteriorating condition, but insofar as the basic problem, i. e., the causal relationship as between such disability and the industrial episode, said evidence is simply a reiteration of what has (now) twice been decided adversely to the Applicant by the Industrial Commission, the latter adverse decision having been affirmed by the Court of Appeals (See Govan v. Industrial Commission, supra).

5. That it is fundamental when a "medical" reopening is sought by the Applicant, he has the burden of proof in establishing that he has new, additional or previously undiscovered (physical) condi-

tion and that said condition is causally related to the subject episode and said burden is not met merely by producing "new evidence" [citations omitted]; that the medical testimony of Dr. Tuchler simply reaffirms his belief that the mental diseases from which Applicant clearly suffered at least by 1968, were causally related to the subject episode; that although this may have been "new" evidence (at most) in the prior proceedings, realistically it does not even constitute "new" evidence in the subject proceeding since his belief as to the causal relationship was already considered by the Commission and the Appellate Court following prior (1969) reopening proceedings in the subject claim.

The record in this matter does not suggest that these findings were inappropriate. Indeed, the record supports the respondents' contention that Dr. Tuchler's testimony did not constitute newly discovered evidence inasmuch as his present evaluation of Govan's psychological condition was almost entirely dependent upon review of the same medical records which formed the basis of previous diagnoses. With reference to these previous diagnoses, the Commission has consistently found, almost from the inception of Govan's claim, that his deteriorating psychological condition is not causally related to his industrial injury. We accordingly hold that there is sufficient evidence herein to support the Commission's award denying Govan's petition to reopen of 5 October 1972.

■ Respondents assert, and we agree, that the doctrine of res judicata should prevent Govan from continuously attempting to retry the issue of whether his deteriorating psychological condition is causally related to his industrial injury. The hearing officer specifically found:

6. That Applicant's mental condition is not causally related to the subject industrial episode of 1965, and this determination is final and res judicata by reason of finality of the Commission's DECISION UPON HEARING AND AD-DITIONAL FINDINGS AND AWARD FOR TEMPORARY DISABILITY heretofore issued on May 2, 1969, and by reason of DECISION UPON REVIEW AFFIRMING DECISION UPON HEARING AND FINDINGS AND AWARD DENYING REOPENING OF CLAIM issued by the Commission on August 28, 1970 and affirmed by the Court of Appeals on October 26, 1971 [citations omitted]. . . .

The effect of the doctrine of res judicata, particularly as it has been applied in workmen's compensation cases, is illustrated in Waller v. Industrial Commission of Arizona, 6 Ariz.App. 249, 431 P.2d 689 (1967), wherein the court made the following observation:

When an award is entered on a particular matter and it has been affirmed on appeal, the case is forever closed to that issue. In Hoff v. City of Mesa, 86 Ariz. 259, 344 P.2d 1013 (1959), the Court said:

"Briefly stated, the doctrine of res judicata is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive as to every point decided therein and also as to every point raised by the record which could have been decided, with respect to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. Lauderdale v. Industrial Commission, 60 Ariz. 443, 139 P.2d 449; O'Neil v. Martin, 66 Ariz. 78, 182 P.2d 939; Taylor v. Betts, 59 Ariz. 172, 124 P.2d 764 and Shattuck v. Shattuck, 67 Ariz. 122, 192 P.2d 229."

The application of the doctrine in workmen's compensation cases with circumstances similar to the instant case is to be found in Lauderdale v. Industrial Commission, 60 Ariz. 443, 139 P.2d 449 (1943) cited in Hoff, supra, and the connected case of Lauderdale v. Industrial Comm., 57 Ariz. 520, 115 P.2d 249 (1941). See also Ross v. State Industri-

al Court, Okl., 394 P.2d 501 (1964). 6 Ariz.App. at 251, 431 P.2d at 691.

We hold that the matter presented herein has been finally adjudicated in this court and is res judicata. Govan v. Industrial Commission of Arizona, supra; Dennis v. Industrial Commission of Arizona, 20 Ariz.App. 375, 513 P.2d 382 (1973); London v. Industrial Commission, 71 Ariz. 111, 223 P.2d 929 (1950).

The award of the Commission is affirmed.

STEVENS and WREN, JJ., concurring.