535 P.2d 29

Robert THARP, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Tri-City Ready Mix, Inc., Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 1128.

Court of Appeals of Arizona,
Division 1.
Department C.
May 13, 1975.
Rehearing Denied June 25, 1975.
Review Denied July 14, 1975.

Moore & Romley by Roger T. Hargrove, Phoenix, for petitioner.

Greg L. Folger, Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by Christopher J. Philips, Phoenix, for respondent employer and respondent carrier.

## OPINION

STEVENS, Judge.

This Court must decide whether the State Compensation Fund's Notice of Permanent Disability issued 16 November 1972 is final and res judicata.

Robert Tharp (petitioner) sustained an injury involving his right knee on 5 June 1972 while employed by Tri-City Ready Mix, Inc. Petitioner filed his claim for workmen's compensation which was accepted by the State Compensation Fund (respondent carrier) by Notice of Claim Status on 29 June 1972. On 16 November 1972, by Notice of Claim Status, the respondent carrier terminated temporary and medical benefits as of 4 October 1972. On the same date, the carrier also issued a Notice of Permanent Disability Benefits

entitling petitioner to benefits for a "10% functional loss of the right leg." Both notices contained the standard warning that petitioner had sixty days to apply for a hearing if aggrieved by the notice. The petitioner did not request a hearing within the sixty days and thus, the notices became final and res judicata.

On 29 March 1973, the Supreme Court decided Rodgers v. Industrial Commission of Arizona, 109 Ariz. 216, 508 P.2d 46 (1973). In Rodgers, supra, the Supreme Court held that where an employee sustains a second successive injury to the same extremity with a resulting permanent disability from both injuries, the second disability must be treated as an unscheduled disability under A.R.S. § 23-1044(C). The petitioner went to an attorney sometime at the end of April about an unrelated matter and found out about the Rodgers decision. On 10 April 1973, the petitioner filed a request for hearing alleging that he was entitled to an unscheduled award since he had a prior scheduled award as a result of an earlier industrial injury to his right leg. The hearing was held on 25 October 1973. On 28 December 1973, the hearing officer issued his Decision Upon Hearing and Findings and Award Dismissing Request for Hearing. The hearing officer found that, notwithstanding Parsons v. Bekins Freight, 108 Ariz. 130, 493 P.2d 913 (1972), the Commission had no jurisdiction to conduct a hearing and that the Notice of Permanent Disability Benefits issued on 16 November 1972 was final and res judicata. This decision was affirmed upon review and now it is before us upon a writ of certiorari.

We agree with the hearing officer that Parsons, supra, and its progeny are inapplicable to this case. The facts must appear to warrant relief before Parsons, supra, can apply and in this case, this condition is lacking. It is undisputed that the request for hearing was filed late and in fact, filed at all because of Rodgers, supra. The petitioner in the present case suffered two successive injuries to his right leg and each injury resulted in permanent disability. Under the principles of Rodgers, supra, his second injury would be treated as an unscheduled disability. However, Rodgers, supra, was not decided until 29 March 1973, over two months after the prescribed 60 days time limit expired. At the time petitioner's award became final, the law was that successive scheduled injuries to the same extremity did not result in an unscheduled disability under A.R.S. § 23-1044. Arnott v. Industrial Commission of Arizona, 103 Ariz. 182, 438 P.2d 419 (1968). The facts of the case were clear, the law as it existed at the time of the notice was properly applied to those facts and the award became final before Rodgers, supra, was decided.

The petitioner next contends that the Notice of Permanent Disability Benefits issued by the respondent carrier is null and void because when a claimant is entitled to an unscheduled award, the award must be issued by The Industrial Commission. A.R.S. §§ 23-1044 and 23-1047. While we agree with this argument as a general proposition, we find it inapplicable to the present case. When the notice was issued and became final, the petitioner was not entitled to an unscheduled award. "A subsequent decision of a higher court, in a different case, giving a different exposition to a point of law from the one declared and known when a settlement between the parties takes place, cannot have a retrospective effect and overturn such settlement." Cooley v. Calaveras County, 121 Cal. 482, 53 P. 1075, 1077 (1898) cited with approval in Benson v. City of Long Beach et al., 61 Cal.App.2d 189, 142 P.2d 440 (1943); Campbell v. Rainey, 127 Cal. App. 747, 16 P.2d 310 (1932). *See Gen.* 20 Am.Jur.2d § 234; cf. State Compensation Fund v. Bunch, 23 Ariz.App. 173, 531 P.2d 549 (1975). If we hold that this notice was null and void, we would declare countless past notices null and void. We hold that when an award becomes final and the judi-

cial construction of a relevant statute is overruled or reinterpreted, such subsequent action does not affect that award or its finality.

The award is affirmed.

NELSON, P. J., and WREN, J., concur.