685 P.2d 154

**Vala R. King PEREZ, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**H.P. Foley Company, Respondent Employer,**

**National Union Fire Insurance, Co., Respondent Carrier.**

**No. 1 CA–IC 3060.**

Court of Appeals of Arizona, Division 1, Department D.

July 19, 1984.

Van Baalen Law Offices by Peter T. Van Baalen, Phoenix, for petitioner.

Sandra A. Day, Chief Counsel, The Industrial Com'n of Arizona, Phoenix, for respondent.

Robbins & Green, P.A. by Dwayne Ross and Paul F. Lazarus, Phoenix, for respondents.

OPINION

EUBANK, Judge.

This is a special action review of a dismissal of a hearing request protesting a notice of claim status awarding permanent disability benefits. We decide one issue: when an intermediate award for permanent scheduled disability becomes final and the law for rating scheduled permanent disability is thereafter changed, is the claimant precluded from protesting the notice of permanent disability to prove increased disability under this new standard? Because the administrative law judge correctly applied finality principles, we affirm the dismissal of the hearing request.

The petitioner (claimant) injured her upper extremities at work in February of 1979. Her claim for workmen's compensa-

tion benefits was accepted, processed, and then terminated without permanent impairment. She protested, and after formal hearings the administrative law judge issued an award for a scheduled disability for lost right wrist motion as follows:

> IT IS FURTHER ORDERED that applicant is entitled to scheduled permanent partial disability compensation benefits ... for a ten degree loss of supination and pronation of the right wrist, such amount of benefits to be left for administrative determination by carrier pursuant to the A.M.A. guides.

After this award was affirmed on administrative review, the claimant sought special action review. Rule 10, Arizona Rules of Procedure for Special Actions.

Pending appellate disposition, a November 1980 notice of permanent disability was issued for a 10% permanent right wrist impairment and commensurate scheduled benefits for a partial major hand disability.[1] *See generally* A.R.S. §§ 23–1044(B)(12), (21). The claimant protested because she was entitled to a partial major arm disability. *See generally* A.R.S. §§ 23–1044(B)(13), (21). This error was administratively corrected, and a February 1981 notice was issued superseding the previous notice and awarding permanent partial disability for the major arm.

This court subsequently, by memorandum decision, affirmed the award for scheduled permanent partial disability in *King v. Industrial Commission*, 1 CA–IC 2524 (Ariz.App. July 20, 1982, memorandum decision). The intermediate permanent disability award for lost right wrist motion accordingly became final. *See Waller v. Industrial Commission*, 6 Ariz.App. 249, 431 P.2d 689 (1967).

After our affirmance, our supreme court changed the law for rating scheduled disabilities. *See Dutra v. Industrial Commission*, 135 Ariz. 59, 659 P.2d 18 (1983). Before *Dutra*, the phrase "partial loss of use" in A.R.S. § 23–1044(B)(21) meant the percentage of physical functional impairment. *E.g., Weiss v. Industrial Commission*, 87 Ariz. 21, 347 P.2d 578 (1959). The impairment rating alone determined the degree of scheduled disability. *Dutra* changed the interpretation of the phrase to include loss of the capability to do the work that the injured worker did before the injury. *Dutra*, 135 Ariz. at 61, 659 P.2d at 20. The total degree of disability, therefore, could be greater than the disability from the actual physical impairment.

On December 2, 1982, the claimant filed a late protest of the February 1981 disability notice. A hearing concerning the reasons for the late protest was held in June 1983, several months after *Dutra* was decided. The administrative law judge then issued an award excusing the untimely protest, but dismissing the hearing request because the final intermediate permanent disability award for lost right wrist motion precluded the claimant from proving increased disability. The award was affirmed on administrative review, and this special action followed.[2]

On review, the claimant asserts that the dismissal of the hearing request denied her the statutory right to protest the disability notice. *See generally*, A.R.S. §§ 23–941, 23–947. This argument is without merit. The claimant was not denied her right to protest. To the contrary, her protest of the initial disability notice resulted in the administrative correction of an erroneous disability award. If the February 1981 notice were analogously defective, the claimant would have the right to protest it. She does not, however, have the right to relitigate matters that were previously decided or that could have been decided by the final intermediate permanent disability award for lost right wrist motion. *See, e.g., Magma Copper Co. v. Industrial Commission*, 115 Ariz. 551, 566 P.2d 699 (App.1977).

---

1. A.R.S. § 23–952 requires payment of permanent disability benefits pending appellate disposition.

2. The employer and carrier have not requested affirmative relief to challenge the excuse of the untimely protest. *See generally* Rule 10(f), Rules of Procedure for Special Actions.

On the other hand, the employer and carrier mischaracterize this case as one of garden variety claim preclusion. It is not. The claimant is not attempting to prove, for example, that her actual loss of wrist motion is greater than previously determined, or that she has a right wrist impairment as well. This unquestionably would be precluded. Rather, she is attempting to retroactively apply *Dutra* to her claim.

■ Judicial decisions are presumptively retroactive. *Brannigan v. Raybuck*, 136 Ariz. 513, 667 P.2d 213 (1983); *e.g., Chevron Chemical Co. v. Superior Court*, 131 Ariz. 431, 641 P.2d 1275 (1982); *accord* Annot., 10 A.L.R.3d 1371 (1966). This presumption, however, is generally inapplicable to determinations that became final before the overruling judicial decision. *E.g., Rodriguez v. Rodriguez*, 133 Ariz. 88, 649 P.2d 291 (App.1982) (overruling United States Supreme Court decision, which held that federal law precludes state court from dividing military retirement pay when marriage dissolved, not retroactively applied to divorce judgment that became final before the overruling decision). *But cf.* Annot., *supra*, 10 A.L.R.3d at 1403–1407 (collecting cases in which overruling decisions were retroactively applied to earlier decisions that had already become final because the overruling decisions concerned a fundamental right).

This exception insulating final determinations from subsequent overruling decisions applies to workers' compensation. *See Tharp v. Industrial Commission*, 24 Ariz. App. 1, 535 P.2d 29 (1975). In *Tharp*, the claimant had sustained successive injuries to the same scheduled member. The claim for the last injury was closed with a scheduled disability. This determination became final. Thereafter, the supreme court changed the law: successive injuries to the same member were now unscheduled. *See Rodgers v. Industrial Commission*, 109 Ariz. 216, 508 P.2d 46 (1973). The claimant then filed a late protest of the scheduled disability notice. The protest was dismissed because the disability notice was final. On review, this court affirmed the dismissal:

> At the time petitioner's award became final, the law was that successive scheduled injuries to the same extremity did not result in an unscheduled disability .... The facts of the case were clear, the law as it existed at the time of the notice was properly applied to those facts and the award became final before *Rodgers ...* was decided.

*Tharp v. Industrial Commission*, 24 Ariz. App. at 2, 535 P.2d at 30.

■ *Tharp* controls our case. Intermediate Industrial Commission awards that become final also preclude relitigation of matters that were determined or that could have been determined. *E.g., Massie v. Industrial Commission*, 113 Ariz. 101, 546 P.2d 1132 (1976). The intermediate disability award for loss of right wrist motion unquestionably became final. The award correctly applied the law prior to *Dutra*. Only computation of the degree of partial disability based on the lost wrist motion remained undetermined. *Dutra*, accordingly, cannot be retroactively applied to modify this final determination. Thus, the administrative law judge did not err in denying petitioner a hearing.

For the foregoing reasons, the dismissal of the request for hearing is affirmed.

BROOKS, P.J., and KLEINSCHMIDT, J., concur.