606 P.2d 417

**Richard D. CROCKER, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Gene McVety, Inc., Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 14556–PR.**

Supreme Court of Arizona, In Banc.

Jan. 29, 1980.

was the proximate cause of plaintiffs' injuries, then your verdict should be for the plaintiffs."

Rabinovitz, Dix & Sands by Fred R. Sands, Tucson, for petitioner.

John H. Budd, Jr., Chief Counsel, Industrial Commission, Phoenix, for respondent.

Robert K. Park, Chief Counsel State Compensation Fund by Robert T. Wilson, Tucson, John R. Greer, Phoenix, for respondents employer and carrier.

STRUCKMEYER, Chief Justice.

This appeal arises out of an award by the Industrial Commission denying a petition to reopen an industrial claim. The Court of Appeals affirmed. We accepted review. Memorandum Decision of the Court of Appeals, No. 1 CA–IC 2107, filed August 14, 1979, vacated, and award of the Industrial Commission set aside.

On January 14, 1973, claimant, Richard D. Crocker, sustained injuries in a work-related automobile accident, suffering a brain concussion, broken ribs, and damage to his feet and hands. The State Compensation Fund, believing that his condition had become stationary, issued a notice of claim status on May 9, 1974, and closed the case with no permanent disability. At that time, Crocker was still experiencing pain in his hands and feet, particularly in his right foot. He protested the closing of his claim and a hearing was held. The hearing officer accepted the position of the State Compensation Fund. At this time claimant's then attending physician was unable to discover an organic basis for claimant's pain.

Three years later, claimant consulted Martin Fuchs, M.D., with the hope of relieving the pain in his right foot. Tests were performed which led to a diagnosis by Dr. Fuchs that Crocker's pain was due to a "deep venous thrombosis" in his right leg and a causalgia syndrome in his right lower leg. Dr. Fuchs' determinations were the first diagnosis of an organic basis for claimant's problem. Dr. Fuchs testified to the medical conclusion that Crocker had a "new, additional or previously undiscovered condition" which justified reopening claim-

ant's file. Although claimant presented evidence different from that presented at the time of the closing of his case, admittedly he was suffering pain in his right foot at that time as well as at the time of the finding on his petition to reopen.[1]

The issue presented for resolution is whether the evidence supports the hearing officer's award denying claimant's petition to reopen.

■ This petition to reopen is brought on the authority of A.R.S. § 23–1061(H) of the Arizona Workmen's Compensation Act. That section provides in part:

"H. An employee may reopen his claim to secure an increase or rearrangement of compensation or additional benefits by filing with the commission a petition requesting the reopening of his claim upon the basis of new, additional or previously undiscovered temporary or permanent condition * * *."

The statute defines the conditions necessary for reopening a claim in the disjunctive. Hence, the existence of any one of the three conditions is sufficient to warrant reopening a claimant's file. A claimant seeking to reopen a claim pursuant to the foregoing section has the burden of establishing by a preponderance of the evidence the existence of a new, additional or previously undiscovered condition and a causal relation between that condition and the previous industrial injury. *Sneed v. Industrial Commission*, 604 P.2d 621 (1979).

In the instant case, the only medical evidence presented at the hearing on the petition to reopen was that of Dr. Fuchs, who testified to the existence of claimant's thrombosis. His testimony also causally linked the existence of that condition to the 1973 industrial accident. The hearing officer apparently believed that in the absence of comparative evidence showing that claimant's condition was different (i. e., worse) than it was at the time his claim was closed, he was not authorized to reopen it. His findings recite:

"On reopening, the medical evidence must establish a new, additional or previously undiscovered condition in terms of the condition which existed at the time the claim was closed. To do this the medical evidence must necessarily be comparative in nature. * * *

Although the applicant testified that his condition presently is worse than when his claim was closed in November 1974, from a review of the testimony in its entirety, it appears that his condition is essentially the same. Whether an industrial claim should be reopened is an issue primarily resolved by medical testimony. * * * When Dr. Fuchs' testimony is reviewed and considered in its entirety, he appears to be testifying regarding a new or previously undiscovered diagnosis which is an issue which was or could have been determined at the time the claim was closed."

■ There is language in some Arizona cases which seems to require comparative medical evidence of a deterioration (change) in a claimant's condition to warrant reopening. That requirement, however, properly applies only when claimant seeks a reopening based on an "additional" condition, not where reopening is sought on the basis of a previously undiscovered condition.

■ It is undisputed that the claimant was experiencing pain in his right lower leg and foot both at the time his file was originally closed and three years later at the time of his petition to reopen. While symptoms of the injury persisted, a finding of a previously undiscovered condition is not foreclosed. Pain is a symptom of an underlying physical condition and, although claimant's physicians were aware that he was suffering pain at the time his file was closed, none diagnosed the underlying condition which caused his pain. This case falls squarely within the provision of the statute providing for reopening upon proof of a previously undiscovered condition. We have said before that "[w]hen medical opinions, based on matters peculiarly within the realm of scientific knowledge, are uncontro-

---

1. The original diagnosis had been "peripheral neuropathy."

verted, as in the instant case, such opinions cannot be arbitrarily rejected by the Commission." *Cammeron v. Industrial Commission*, 98 Ariz. 366, 370, 405 P.2d 802, 804 (1965).

*Aetna Insurance Co. v. Industrial Commission*, 115 Ariz. 110, 563 P.2d 909 (App. 1977), does not control the disposition of this case. In *Aetna*, both the claimant and his treating physician were aware of a "lumbo-sacral strain with incipient indications of a herniated disc." *Id.* at 111, 563 P.2d at 910. Claimant there failed to show evidence of his condition and allowed his file to be closed. In the present case, prior to the original closing, the cause of Crocker's problems was unknown.

This case more closely parallels the facts in *Garrote v. Industrial Commission*, 121 Ariz. 223, 589 P.2d 466 (App.1978). There, the claimant's case was closed although a lower back problem had not been discovered. When his condition was eventually determined, the Court held that it was properly reopened. When a disability in existence at the time of the previous award has not been discovered at the time of the award, the claimant is entitled to a reopening upon discovery by the very terms of A.R.S. § 23–1061(H).

For the foregoing reasons, the decision of the Court of Appeals is vacated, and the award of the Industrial Commission is set aside.

HOLOHAN, V. C. J., and HAYS, CAMERON and GORDON, JJ., concur.