621 P.2d 303

**HARBOR INSURANCE COMPANY and Smitty's Super Valu, Inc., Petitioners,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Odessa Harris, Respondent Employee.**

**No. 1 CA–IC 2365.**

Court of Appeals of Arizona, Division 1, Department C.

Dec. 16, 1980.

Twitty, Sievwright & Mills by John F. Mills, Phoenix, for petitioners.

Calvin Harris, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Van Baalen Law Offices by Peter T. Van Baalen, Phoenix, for respondent employee.

## OPINION

DONOFRIO, Judge.

The question in this special action-Industrial Commission is whether the hearing officer,[1] in granting rearrangement, failed to observe the finality of a prior award of the Industrial Commission and a previous memorandum decision of this Court affirming the previous award which found that respondent employee had sustained no loss of earning capacity as a result of her industrial injury. Because we find that the evidence established that circumstances, causally related to respondent's disability, have changed so that she is not now employable, we affirm the award.

This is the third time that the sequelae of respondent employee's 1974 back injury has come before this Court. A review of the

employee's Industrial Commission file reveals the following path of litigation.

Respondent employee Odessa Harris filed a workmen's compensation claim for benefits arising out of a back injury sustained while she was working as a cake decorator for petitioner employer Smitty's Super Valu, Inc., on January 13, 1974. Her claim was accepted for benefits. She was treated by Robert Mills, M.D. and underwent a laminectomy in the early part of February of 1974.

By July of 1974, Dr. Mills was of the opinion that the respondent employee could return to a light duty or a half-day work load. This opinion is evidenced by his report dated August 7, 1974, found in respondent's Industrial Commission file. The report notes that the respondent was notified in July of 1974 that she could return to work but that she failed to do so, stating that she had too much back discomfort.

Based on the physician's report the carrier changed respondent's compensation status to temporary partial by its notice of claim status issued August 14, 1974. Respondent requested a hearing. Prior to the requested hearing, respondent was examined by another physician, William M. Steele, M.D. That physician found that respondent should return to work at the earliest date. He found no evidence of any sciatic nerve root irritation and found that respondent had had a very excellent result from her disc excision.

The first of numerous hearings before the Industrial Commission involving this respondent was held on April 10, 1975. Subsequently an award was entered on May 19, 1975. That award determined that based on the medical evidence respondent employee had sustained a 15% general physical functional impairment and determined the amount of respondent's interim temporary partial compensation, leaving the question of a final loss of earning capacity open. The award and its findings became final.

1. We recognize that the designation hearing officer was changed to Administrative Law Judge by Laws, 1980, 2nd Reg. Sess., Chap. 246, effective July 31, 1980.

An administrative determination of no loss of earning capacity was made on September 26, 1975. The administrative award was based on a finding that respondent's medical limitations would not preclude her from performing the same type of duty she performed at the time of her injury at the same or greater wage with no loss of earning capacity. Respondent employee requested a hearing. In it, she alleged that she could not perform the same type of duties she had performed at the time of her injury and had sustained a substantial loss of earning capacity.

Several formal hearings were held before the Industrial Commission's hearing officer concerning the loss of earning capacity determination. On July 29, 1976, the hearing officer entered an award which found that based on the evidence presented, respondent had sustained a 15% general physical functional disability resulting from the industrial injury but that the respondent had not sustained a loss of earning capacity. In that award the hearing officer found that petitioner had no physical limitations which would preclude her from returning to the part-time employment which had been offered at Smitty's.

The July, 1976 award became the subject of this Court's consideration through a petition for writ of special action-Industrial Commission. Subsequently by memorandum decision, this Court affirmed the July, 1976 award of the Industrial Commission's hearing officer. In *Harris v. Industrial Commission*, 1 CA–IC 1646, Memorandum Decision, filed April 18, 1978, we stated:

"There is no suggestion that she could not return to cake decorating so long as she was not required to lift more than 25 pounds. Smitty's offer of a position consistent with her medical limitations was refused. While petitioner may not have been required to accept the offer from her former employer, she could not refuse to seek other employment and claim it was 'obvious' she was unemployable, thereby suffering a total loss of earning capacity."

Concurrent with her review of the no loss of earning capacity award in this Court, petitioner moved to reopen her workmen's compensation claim at the Industrial Commission level. Her petition to reopen was denied; this Court in a memorandum decision, *Harris v. Industrial Commission*, 1 CA–IC 1896, Memorandum Decision, filed June 27, 1978, found that the reopening had been properly denied according to the law expressed in *Colorado River Inn v. Industrial Commission*, 116 Ariz. 27, 567 P.2d 343 (App.1977), and therefore affirmed the award. The decision became final.

At length, we reach the litigation which is the subject of the current review in this Court. It flows from a petition for rearrangement or readjustment of compensation filed on January 31, 1979. The carrier denied the petition and respondent employee requested review. Hearings were conducted before the Industrial Commission's hearing officer and an award was entered in the matter on November 16, 1979. In that award the hearing officer reviewed the evidence and determined that petitioner had not shown a change in physical condition that would justify reopening or rearranging her workmen's compensation benefit determination. However, the hearing officer found this significant determination in finding number 7 of the award:

"[T]he evidence does not support the conclusion that the applicant has a changed physical condition resulting in a greater loss of earning capacity. There is no basis for rearranging applicant's compensation on the first grounds set forth above under A.R.S. § 23–1044(F). If the applicant is entitled to rearrangement, it must be under the second grounds set forth, namely, a reduction in earning capacity without change of physical condition. *In this respect, it is not inappropriate for the applicant to now attempt to show that the work which was formerly available to her from her former employer is no longer available to her.* The testimony of the representative of the employer supports the conclusion that a person with applicant's limitations and symptomatology would not be employed

by the defendant employer. Considered in conjunction with the other evidence, it also supports the conclusion that the applicant is not employable as a cake decorator." (Emphasis supplied.)

A.R.S. § 23–1044(F)(1) provides for reopening a determination in regard to Workmen's Compensation benefits on the basis of a change in physical condition. A.R.S. § 23–1044(F)(2)[2] provides for rearrangement based on changes which are causally related to the industrial injury but which do not comprise a change in the physical condition. *See Adkins v. Industrial Commission*, 95 Ariz. 239, 389 P.2d 118 (1964), a case which led to the enactment of A.R.S. § 23–1044(F)(2).

Recent cases in the area of reopening have made it clear that a Workmen's Compensation claimant is not to be denied benefits where there is a change in circumstances since the time his claim closed or where there now exists evidence of circumstances which could not have been discovered by him at the time the claim closed. *See e. g., Sneed v. Industrial Commission*, 124 Ariz. 357, 604 P.2d 621 (1979); *Crocker v. Industrial Commission*, 124 Ariz. 566, 606 P.2d 417 (1980).

Petitioner argues that here respondent's employability at Smitty's in 1975 was established, *res judicata*, by prior awards and a decision of this Court. We agree that it has been established that respondent was offered a job in 1975. However, we disagree with petitioner's assertion that the Commission is foreclosed from readjusting compensation for loss of earning capacity unless there is established a change in claimant's physical condition. We noted in *Arizona Sand and Rock v. Industrial Commission*, 123 Ariz. 448, 600 P.2d 752 (App.1979), that in seeking a change in an earning award under A.R.S. § 23–1044(F)(2) a claimant

need not show a change in physical condition; a claimant must only establish a change, external to herself, that will be within the cognizance of A.R.S. § 23–1044(F)(2), such as a change in the availability of her prior work. Claimant at the hearing upon which the award under review is based introduced evidence establishing that there was a change in the availability of work formerly offered her at Smitty's. The witness testified:

"Q. Mr. Gant, are you familiar with Odessa Harris when she was an employee of Smitty's?

A. I am familiar with her by name and I saw her a couple of times in the store.

Q. And do you know—was she offered employment after her injury?

A. As a matter of fact, I don't know.

Q. Okay. Do you know who the store manager was at the time Odessa Harris was injured at Smitty's on Buckeye and 16th Street?

A. No, I don't.

Q. What I am getting at is, does he have any discretion at all with respect to when en employer (sic) who has an injury can come back to work?

A. No.

Q. He has none?

A. No, the policy is very strict.

Q. I see. Is that decision made by you? Would it have been made by you in 1975?

A. Yes, in 1975 it would have been.

Q. Do you know whether you've made a decision with respect to Odessa Harris, or can you recall?

A. I could state as a matter of general fact that it has been our policy for some time not to accept individuals with physical limitations beyond certain points for employment in most areas of the company."

2. A.R.S. § 23–1044(F)(2) provides:
"For the purposes of subsection C of this section, the commission shall, in accordance with the provisions of § 23–1047 when the physical condition of the injured employee becomes stationary, determine the amount which represents the reduced monthly earning capacity, and upon such determination make an award

of compensation which shall be subject to change in any of the following events.
\* \* \* \* \* \*
2. Upon a showing of a reduction in the earning capacity of the workman arising out of such injury where there is no change in his physical condition, subsequent to the findings and award."

We have reviewed the record and find that regardless of whether Smitty's would have hired the claimant in 1975, it is clear that they would not hire her now for reasons relating to her physical limitations.

Further, respondent testified concerning her efforts to seek employment at other bakeries but was unable to obtain work. We find that this evidence supports finding number 9 of the award, in which the hearing officer stated:

"9. When the applicant demonstrated in this hearing process a reasonable effort to find employment, the burden of going forward and showing that suitable employment was available shifted to the carrier. There is no evidence of any suitable employment. Therefore, under the circumstances and on the state of the record, the Hearing Officer can arrive at only one conclusion, namely, that applicant has demonstrated a reduction in her earning capacity without change of physical condition. Moreover, in the absence of evidence of available employment, the Hearing Officer must conclude that the applicant has now sustained a 100% reduction in monthly earning capacity; and this entitles her to be rearranged and compensated on the basis of a permanent total disability [Citations omitted]."

We are of the opinion that the evidence and findings support the A.R.S. § 23–1044(F)(2) determination of the hearing officer, and therefore, it is unnecessary to reach questions concerning the hearing officer's finding of no change in physical condition.

The award is affirmed.

OGG, P. J., and O'CONNOR, J., concur.