654 P.2d 307

**COUNTY OF MARICOPA, Petitioner Employer,**

**Home Indemnity Company, Petitioner Carrier,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Rosa Flores, Respondent Employee.**

**No. 1 CA-IC 2712.**

Court of Appeals of Arizona, Division 1, Department C.

Nov. 9, 1982.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.A., by W.C. Wahl, Jr., Larry L. Smith, Phoenix, for petitioners.

James A. Overholt, Acting Chief Counsel, The Indus. Com'n of Ariz., Phoenix, for respondent.

Gorey & Delaney by Edgar M. Delaney, Phoenix, for respondent employee.

CONTRERAS, Judge.

This is a special action review of an Industrial Commission award granting respondent employee's petition to reopen her claim. The dispositive issue is whether the medical evidence relied upon to support the award established a previously undiscovered condition or was mere additional evidence concerning an issue previously considered when the claim was closed. We conclude that it was mere additional evidence and therefore set aside the award.

Respondent employee (claimant) worked for petitioner employer as a psychiatric case worker. On December 1, 1978, one of the patients attacked her, grabbing her around the neck and cutting her hand with a knife. Her claim for worker's compensation was accepted.

The treating physician, Gary Gaffield, D.O., conservatively treated a cervical strain and superficial hand lacerations. He anticipated a speedy recovery, but claimant failed to respond and never returned to work. She continued to complain of neck and shoulder pain, and also complained of numbness in the arms, numbness about her mouth and lips, headaches, anxiety, and insomnia. She also received out-patient biofeedback training, but her complaints persisted.

In March 1980, petitioner carrier arranged a group medical consultation. The consultants concluded that claimant's industrial injury was orthopedically stationary without permanent impairment, but recommended a psychiatric evaluation. On May 28, 1980, Howard S. Gray, M.D., saw claimant at petitioner carrier's request for the purpose of performing a psychiatric evaluation. Dr. Gray, in a written report filed with the Commission, concluded that claimant had no psychiatric impairment related to the industrial injury, but rather had ". . . no intention of returning to work, will maintain her subjective complaints to further this end and is, thereby, malingering."

Relying on these medical reports, petitioner carrier issued a notice of claim status terminating temporary compensation without permanent impairment. Claimant, who was unrepresented, failed to protest this notice. Accordingly, it became final. *See, e.g., Nelson v. Industrial Commission,* 115 Ariz. 293, 564 P.2d 1260 (App.1977).

Despite this closing, claimant continued physical therapy with Dr. Gaffield. Her husband's health insurance provided medical benefits, but when he subsequently lost his job, these benefits were threatened. Claimant urged Dr. Gaffield to do something while coverage remained. Since his treatment had not helped her, he referred her to Raymond Huger, M.D., a psychiatrist at the St. Joseph's Hospital Pain Clinic.

Dr. Huger diagnosed claimant's condition as a chronic pain syndrome with underlying depression and agitation. In his opinion, the industrial injury caused this condition. Claimant was admitted to the pain program and remained in the hospital for one month. She improved and was discharged for out-patient treatment, but this was discontinued when her husband's health insurance coverage terminated.

Relying on Dr. Huger's opinion, claimant, who was then represented by counsel, filed a petition to reopen her claim. The petition was denied, and after a timely protest, hearings were conducted.

The administrative law judge issued an award granting the reopening. His dispositive findings, which we summarize, were as follows:

(1) The claimant's condition when she sought to reopen was essentially the same as her condition when her claim was closed.

(2) No industrially related orthopedic condition caused the claimant's complaints.

(3) Dr. Gray was of the opinion that the claimant was a conscious malingerer. Drs. Huger and Gaffield disagreed with this conclusion. The conflict was resolved in favor of Drs. Huger and Gaffield.

(4) The claimant was first diagnosed to be suffering from depression related to the industrial injury after the case was closed. She therefore was entitled to re-

open her claim for a "new or previously undiscovered disability or condition. . . ." This award was affirmed upon administrative review, and special action review to this court followed.

On appeal, petitioners first argue that Dr. Huger's opinion that claimant's industrial injury caused her to be depressed lacked foundation. The argument's first premise is that claimant's depression is not a conversion reaction, but rather a derivative symptom, a product of her chronic pain. Its second premise is that no objective link was established between the industrial injury and the chronic pain. From this petitioners conclude that the causal relationship between the industrial injury and the depression was not established.

■ It is well established that in order to reopen a closed claim, claimant must establish a causal relationship between the industrial injury and the new, additional, or previously undiscovered condition for which reopening is sought. *See, e.g., Pascucci v. Industrial Commission,* 126 Ariz. 442, 616 P.2d 902 (App.1980). Given the truth of the premises, however, the conclusion that no causal relationship was established does not follow.

Dr. Huger testified that claimant had a marginal ability to cope with stress, but that she had managed to do so prior to the industrial injury. In his opinion, the physical assault at work was a traumatic incident that stressed claimant beyond her capacity. In response, she developed the symptoms of chronic pain, which produced the depression.

■ It is similarly well established that the employer takes the employee as he or she is, and if an industrial injury operates on an existing weakness to produce a further injurious result, the industrial injury causes that result. *See, e.g., Estes Corporation v. Industrial Commission,* 23 Ariz.App. 370, 533 P.2d 678 (1975). Consequently, although the depression was a derivative symptom and no objective link between the industrial injury and the chronic pain was established, Dr. Huger's opinion was suffi-

cient to establish a causal relationship between the industrial injury and claimant's depression.

Although this argument does not support petitioners' conclusion, it is critical to the disposition of this appeal. Because claimant's depression was derivative, Dr. Huger's diagnosis necessarily concerned the causal connection between the industrial injury and all of claimant's symptoms. It is clear that Dr. Huger's opinion directly conflicted with Dr. Gray's previously expressed opinion that claimant was consciously malingering.

Petitioners next argue that the causal relationship between the industrial injury along with claimant's symptoms and condition was considered when the claim was closed and that Dr. Huger's opinion was mere additional evidence concerning this issue. Following this premise, petitioners contend that res judicata principles precluded reopening based on Dr. Huger's opinion. We agree.

■ Although a closed claim may be reopened for a new, additional or previously undiscovered condition, *see, e.g., Miller v. Industrial Commission,* 114 Ariz. 449, 561 P.2d 773 (App.1977); A.R.S. ·§ 23–1061(H), unless these conditions are satisfied, the prior determination closing the claim is final. *See Phoenix Cotton Pickery v. Industrial Commission,* 120 Ariz. 137, 584 P.2d 601 (App.1978). An unprotested notice of claim status is accorded the same finality as an award. *Id.* Accordingly, mere additional evidence concerning an issue considered at a previous proceeding does not permit a reopening. *See Black v. Industrial Commission,* 89 Ariz. 273, 361 P.2d 402 (1961); *Aetna Ins. Co. v. Industrial Commission,* 115 Ariz. 110, 563 P.2d 909 (App.1977). Otherwise, the statutory exception to res judicata swallows the rule.

Claimant's response to this argument is that Dr. Huger's opinion justified the reopening since he was the first to find a causal connection between the injury and claimant's symptoms. That is, since the case was closed without any permanent physical or psychiatric impairment, any psy-

chiatric condition diagnosed after the closing had to be new or previously undiscovered. The flaw in this argument is that the prior closing is final not because of its correctness, but despite its incorrectness. Claimant's argument in the case before us would completely abrogate res judicata in reopening proceedings. We therefore reject it.

■ The administrative law judge relied upon *Crocker v. Industrial Commission,* 124 Ariz. 566, 606 P.2d 417 (1980), to support the reopening. In *Crocker,* the claimant had symptoms of pain that his physicians could not explain. His case was closed without a permanent impairment. Thereafter, for the first time, a physician diagnosed an organic basis for the pain. The supreme court held that the claimant was entitled to reopen his claim for a previously undiscovered condition. In stark contrast, when the present case was closed, Dr. Gray provided an affirmative explanation for claimant's symptoms. In his opinion, claimant was consciously malingering. As noted above, Dr. Huger's opinion, derived after closing, merely conflicts with Dr. Gray's opinion. The only thing that has been "discovered" here is a new opinion. The characterization of Dr. Huger's opinion as one that has not been previously discovered is insufficient to overcome the res judicata finality of the original closing.

■ Petitioners also contend that no comparative evidence necessary to reopen for a new or additional condition was presented. Comparative evidence establishing a change between the condition when the claim was closed and the condition when reopening is sought is necessary to reopen for a new or additional condition. See *Crocker, id.* In the present case, the administrative law judge found that claimant's condition was basically unchanged—i.e., "... the complaints of the applicant were only slightly different at the time of the Petition to Reopen from what they had been at the time that the applicant's condition became stationary previously." The petitioner's argument is correct.

For the foregoing reasons, we set aside the award.

JACOBSON and BROOKS, JJ., concur.