695 P.2d 280

**Philip GALLEGOS, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Maricopa County, Respondent Employer,**

**Home Indemnity Company, Respondent Carrier.**

**No. 1 CA–IC 3027.**

Court of Appeals of Arizona, Division 1, Department B.

April 17, 1984.

Gorey, Delaney & Melkonoff by Edgar M. Delaney, Phoenix, for petitioner.

Sandra Day, Chief Counsel, Industrial Com'n of Arizona, Phoenix, for respondent.

Moore & Long by James B. Long, Phoenix, for respondent employer and respondent carrier.

OGG, Judge.

In this special action—Industrial Commission, we must determine whether the administrative law judge (ALJ) erred in finding that claimant had failed to prove a post-award reduction in his earning capacity which would have entitled claimant to a rearrangement or readjustment of compensation.

Claimant was employed as a laborer by employer, Maricopa County, at the time of his injury of January 9, 1978. Claimant injured his back while pushing a wheelbarrow. Following his injury, claimant was treated by Dr. Anthony Yeung and subsequently discharged from active medical treatment with a 15% permanent partial disability. On November 23, 1979, the Commission issued its findings and award for unscheduled permanent partial disability. The award stated that, although claimant had sustained a 15% permanent disability, claimant had demonstrated his ability to return to "different employment" which paid at a rate equal to or greater than did his employment with Maricopa County. Accordingly, the award found no reduction in earning capacity by reason of the injury and terminated compensation to claimant. Claimant did not protest the award and it became final.

The Commission's finding of no loss of earning capacity was based upon the fact that, at some time subsequent to his industrial injury, claimant had secured employment with North American Van Lines. Claimant was making more money with North American than the $4.15 per hour he had been paid by the County. However, claimant experienced symptoms of pain and was required to discontinue employment with North American in June, 1979, five months *prior* to the Commission's findings and award.

Claimant was required to seek employment of a relatively sedentary nature due to his back condition. At some point after leaving North American, claimant moved to Denver, Colorado. The record shows that claimant failed to notify either the Commission or the insurance carrier of the move. Claimant obtained employment which consisted of pressing pants at a cleaner's. The job paid about the minimum wage, which was less than claimant had been paid by Maricopa County at the time of his injury. Apparently this was the job claimant had at the time of the November 23, 1979 findings and award.

On August 18, 1982, claimant filed a petition for rearrangement or readjustment of compensation pursuant to A.R.S. § 23-1044(F), claiming that he had incurred a reduction in his earning capacity as reflected in the November, 1979 findings and award. Following the Commission's denial of the petition, claimant filed a timely protest and request for rehearing.

At the hearing, both Richard Prestwood and James Berns testified as labor market experts. Both testified that claimant was employable in sedentary-type jobs such as parking lot attendant, self-service gas station attendant, or security guard. Such jobs pay minimum wage or slightly above. Following the hearing, the ALJ issued an award denying claimant's petition. After claimant's request for review was denied, this special action was filed.

On appeal, claimant argues that the evidence presented by the labor market experts, establishing that claimant can earn only minimum wage, constitutes sufficient grounds for rearrangement pursuant to A.R.S. § 23-1044(F). Specifically, claimant maintains that he has made a sufficient showing warranting rearrangement under subsection 2 of the statute. A.R.S. § 23-1044(F) provides:

F. For the purposes of subsection C of this section, the commission shall, in accordance with the provisions of § 23-1047 when the physical condition of the injured employee becomes stationary, determine the amount which represents the reduced monthly earning capacity, and upon such determination make an award of compensation *which shall be subject to change in any of the following events:*

1. Upon a showing of a change in the physical condition of the workman subsequent to such findings and award arising out of the injury resulting in the reduction or increase of his earning capacity.

2. Upon a showing of a reduction in the earning capacity of the workman arising out of such injury where there is no change in his physical condition, *sub-*

*sequent to the findings and award.* (emphasis added)

■ It is clear that claimant was not required to show a change in his physical condition under subsection 2. However, it is also clear that claimant was required to show a reduction in his earning capacity *subsequent* to the findings and award of November, 1979.

The evidence presented at the hearing establishes that claimant's actual earning capacity at the time of the award was the same as at the time of the hearing for rearrangement. Thus, claimant has failed to establish a reduction in his earning capacity subsequent to the November, 1979 award.

Claimant argues that he is merely required to show that he has incurred a reduction in his earning capacity as reflected in the November, 1979 award. That is, by showing that he can no longer earn the same or greater than he did at the time of his industrial injury, claimant satisfies the requirement of the statute. Although this seems logical, the doctrine of res judicata is fatal to claimant's assertion.

■ Awards of the Industrial Commission which are not protested and become final are res judicata as to all issues determined by the award. *See Arizona Sand & Rock v. Industrial Commission,* 123 Ariz. 448, 600 P.2d 752 (App.1979); *Phoenix Cotton Pickery v. Industrial Commission,* 120 Ariz. 137, 584 P.2d 601 (App.1978). Therefore, claimant is bound by the finding that his earning capacity, at the time of the November, 1979 award, was as much as or more than his average monthly wage at the time of his industrial injury. Since the evidence presented to the ALJ established no change in claimant's actual earning capacity *subsequent* to the findings and award, claimant fails to satisfy the statutory requirements for rearrangement. This is true despite the fact that the findings and award of November, 1979 were factually incorrect in respect to claimant's actual earning capacity at that time. The 1979 award is final "not because of its correctness, but despite its incorrectness." *Coun-*

*ty of Maricopa v. Industrial Commission,* 134 Ariz. 159, 163, 654 P.2d 307, 311 (App. 1982).

Claimant further asserts that if he is precluded from asserting that his current earning capacity, which is the same as at the time of the November, 1979 award, is less than his average monthly wage at the time of injury, the award was in error, contrary to the medical and actual facts, and is void on its face.

■ Void judgments (awards) are those rendered by a court which lacked jurisdiction either of the subject matter or the parties. *Cockerham v. Zikratch,* 127 Ariz. 230, 619 P.2d 739 (1980). Thus, the November, 1979 award is not void. Moreover, based upon the evidence before the Commission at the time of the November, 1979 award, the Commission's finding of no loss of earning capacity was mandated. It was incumbent upon claimant to protest the award and present his evidence of loss of earning capacity. Having failed to do so, he is now precluded from collaterally attacking the award.

Accordingly, we find that the ALJ did not err in finding that claimant had failed to prove a reduction in earning capacity subsequent to the November, 1979 award and affirm the award.

■ Although we affirm the award, we think it is important to point out two obvious errors in the ALJ's findings. In findings 10 and 11, the ALJ concludes that, because the 1979 award did not specifically identify the employment upon which a finding of no reduction in earning capacity was based, claimant is forever precluded from rearranging his loss of earning capacity award. As respondent has pointed out in its brief, this conclusion is erroneous. "Findings of the commission are sufficient if they can be made certain by reference to the record." *Muehlebach v. Dorris-Heyman Furniture Company,* 43 Ariz. 526, 531, 33 P.2d 339 (1934). The ALJ could properly look outside the award to determine the basis of the prior award. Should claimant in the future be able to show a

loss of earning capacity, reducing his earning capacity below the minimum wage amount, he would be entitled to rearrangement.

We also note that finding 13 is an erroneous statement of the law. This finding provides:

As a result of the FINDINGS AND AWARD FOR UNSCHEDULED PERMANENT PARTIAL DISABILITY issued on November 23, 1979, being found to be final and res judicata, applicant is precluded from proving by a reasonable preponderance of the evidence that he has any increased loss of earning capacity as a result of the industrial injury of January 9, 1978, *without first showing a change in his physical condition as it existed at the time the FINDINGS AND AWARD was issued.* As previously stated, applicant was unable to show a change in his physical condition. (emphasis added).

As we previously noted, under A.R.S. § 23–1044(F)(2), claimant is not required to show a change in physical condition to obtain a rearrangement. He need only show a loss of earning capacity subsequent to the award.

Neither of the errors noted above invalidates the award since the ALJ's finding that claimant has failed to prove a loss of earning capacity is supported by the record and sufficient to support the award.

Award affirmed.

JACOBSON, C.J., and MEYERSON, P.J., concur.