790 P.2d 765

Kristina E. LORENTZEN,
Petitioner Employee,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

Indian Oasis District # 40,
Respondent Employer,

State Compensation Fund,
Respondent Carrier.

No. 2 CA–IC 89–0030.

Court of Appeals of Arizona,
Division 2, Department A.

Jan. 9, 1990.

Review Denied May 8, 1990.

Tretschok, McNamara & Clymer, P.C. by Brian I. Clymer, Tucson, for petitioner employee.

Anita R. Valainis, Chief Counsel, The Indus. Com'n of Ariz., Phoenix, for respondent.

State Compensation Fund by Christopher E. Kamper, Chief Counsel, and Robert A. Schuler, Tucson, for respondent employer and respondent carrier.

## OPINION

HOWARD, Judge.

In this special action the petitioner contends the Administrative Law Judge (ALJ) erred in concluding that her exposure to pesticides while on the job resulted in an occupational disease which precluded recovery of compensation. We agree and set aside the award.

Petitioner, a schoolteacher with expertise in the education of gifted students, came to Arizona from Illinois with a history of being especially allergic to pesticides. She accepted work with the respondent employer at its schools in Sells, Arizona, and began teaching gifted students at the respondent employer's high school, middle school and primary schools, somewhere between August 17 and August 22, 1987. During that week she suffered physical symptoms in her classroom at the middle school and was transferred to the basement of a 100-year-old mission building. She also suffered symptoms in a portable, modular classroom. She opined that the markers and carpets in this classroom irritated her pre-existing condition and requested transfer to another classroom. Between August 17 and October 30, 1987, she also noticed some occasional blurred vision and "drawing through the sinuses."

On October 30, 1987, petitioner taught at the high school in the morning and that night chaperoned a student dance at the high school cafeteria. She became very flushed during the course of the evening and suffered diarrhea, extreme fatigue, stomach cramping, a sore throat and had difficulty swallowing. She returned to work the following week and on November 3, 1987, she was advised by fellow employees that the entire high school, including the cafeteria, as well as the exterior of her apartment, had been sprayed with a pesticide. She tried to continue teaching at the high school, middle school and primary schools which by then had all been sprayed. She noticed purple fingers, blurred vision and aching jaws. Her symptoms became progressively worse to the point where she could not talk.

Petitioner finally resigned at the suggestion of her immunologist in March 1988. Although she did not continue to suffer the same kinds of symptoms after she resigned, she has been unable to enter any place where pesticides are used and her diet has been very limited. In July 1988 she attempted to present a puppet workshop at a senior citizens' center but almost immediately started losing her voice and was sick for four days thereafter. Upon investigation she ascertained that the senior citizens' center had been sprayed with pesticides six months previous to her exposure.

From the medical testimony presented to him the ALJ concluded that the petitioner had sustained some physical and/or psychological reaction to exposure to pesticide on the school grounds and possibly at her employer-provided apartment on October 30, 1987. Relying on the decision in *Phoenix Pest Control v. Industrial Commission*, 134 Ariz. 215, 655 P.2d 39 (App.1982), the ALJ further concluded that petitioner was suffering from an occupational disease which was not compensable because it was not due to causes and conditions characteristic of and peculiar to a particular trade, occupation, process or employment but rather was an ordinary disease to which the public is exposed. See A.R.S. § 23–901(12)(c). He further found that the occupational disease was not compensable because it resulted from a hazard to which the petitioner would have been equally exposed outside of the employment, see A.R.S. § 23–901.01(4), and because the disease was not incidental to the character of the business and was independent of both the character of the business and the relation of employer and employee. See A.R.S. § 23–901.01(5).

■ Petitioner contends that her pesticide exposure was not an occupational disease within the contemplation of A.R.S. §§ 23–901(12)(c) or 23–901.01, but was a compensable personal injury by accident arising out of and in the course of her employment within the meaning of A.R.S. §§ 23–901(12)(a) and 23–1021. We agree.

■ A worker is entitled to workers' compensation under A.R.S. § 23–1021 if he or she is injured by an accident arising out of and in the course of his or her employment, unless the injury was purposely self-inflicted. Injury is caused by an "accident" within the Workers' Compensation Act where either the external cause or resulting injury itself is unexpected. *Paulley v. Industrial Commission*, 91 Ariz. 266, 371 P.2d 888 (1962). The injury need not be a result of sudden or external violence. *English v. Industrial Commission*, 73 Ariz. 86, 237 P.2d 815 (1951) (inhalation of gas use). The employer takes the employee as he finds him, and if the industrial injury operates on an existing weakness to produce further injurious results, industrial injury causes that result. *Maricopa County v. Industrial Commission of Arizona*, 134 Ariz. 159, 654 P.2d 307 (App.1982).

■ The ALJ's reliance on *Phoenix Pest Control v. Industrial Commission, supra*, to characterize petitioner's condition as an occupational disease was misplaced. An occupational disease is one that is due to causes and conditions characteristic of and peculiar to a particular employment, and not the ordinary diseases to which the general public is exposed. *American Ins. Co. v. Industrial Commission of Arizona*, 144 Ariz. 364, 697 P.2d 1114 (1984); *Phoenix Pest Control v. Industrial Commission, supra*. Petitioner is a schoolteacher, and exposure to a pesticide was not peculiar and particular to her employment.

However, the elimination of her condition as an occupational disease does not mean that petitioner cannot recover for an injury if she can show that there was an accident, in other words, that either the external cause or resulting injury was unexpected. Petitioner knew that she was allergic to pesticides and testified that she did not accept the position in the Indian Oasis School District until she was assured by the school district that she would not be re-exposed to the chemicals to which she reacted. Since the external cause and the resulting injury were, therefore, not ex-

pected, she suffered an injury by "accident."

The award is set aside.

ROLL, P.J., and HATHAWAY, J., concur.